**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 12-4882**

———————————

UNITED STATES OF AMERICA,

            Plaintiff- Appellee,

      v.

LINDA ALLEN KNOX,

            Defendant - Appellant.

———————————

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, District Judge.  (1:10-cr-00086-MR-DLH-1)

———————————

Submitted:  June 27, 2013            Decided:  July 18, 2013

———————————

Before WILKINSON, KING, and GREGORY, Circuit Judges.

———————————

Dismissed in part; affirmed in part by unpublished per curiam opinion.

———————————

Christian E. Dysart, DYSART LAW, Raleigh, North Carolina, for Appellant.  Anne M. Tompkins, United States Attorney, Melissa L. Rikard, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Linda Allen Knox pled guilty to mail fraud and aiding and abetting in violation of 18 U.S.C.A. § 1341 (West Supp. 2013), and 18 U.S.C. § 2 (2006), and was sentenced to a term of thirty-three months' imprisonment. Knox appeals her sentence, contending that the waiver of appeal rights in her plea agreement is unenforceable because the government breached the plea agreement by arguing at sentencing for a greater amount of loss than that stipulated in the plea agreement, that the district court clearly erred in determining the amount of loss, and that she received ineffective assistance of counsel in connection with the plea negotiations. We affirm in part and dismiss in part.

This court "will not enforce an otherwise valid appeal waiver against a defendant if the government breached the plea agreement containing that waiver." United States v. Cohen, 459 F.3d 490, 495 (4th Cir. 2006). "It is settled that a defendant alleging the Government's breach of a plea agreement bears the burden of establishing that breach by a preponderance of the evidence." United States v. Snow, 234 F.3d 187, 189 (4th Cir. 2000). Because Knox did not raise this issue in the district court, it is reviewed for plain error. Puckett v. United States, 556 U.S. 129, 133-34 (2009). To prevail under this standard, Knox must show not only that the government plainly

breached the plea agreement, but also that he was prejudiced by the error and that "the breach was so obvious and substantial that failure to notice and correct it affected the fairness, integrity or public reputation of the judicial proceedings." United States v. McQueen, 108 F.3d 64, 65-66 (4th Cir. 1997) (internal quotation marks and alteration omitted); see United States v. Dawson, 587 F.3d 640, 645 (4th Cir. 2009). Plea agreements are grounded in contract law, and both parties should receive the benefit of their bargain. United States v. Chase, 466 F.3d 310, 314 (4th Cir. 2006). The government breaches the plea agreement when a promise it made to induce the plea goes unfulfilled. Santobello v. New York, 404 U.S. 257 (1971).

After reviewing the record, we conclude that the government did not breach the plea agreement, but argued that the loss was within the range stipulated in the plea agreement. The district court determined that the loss was an amount within that range and ordered restitution in an amount lower than the stipulated amount. Knox acknowledges that her waiver of appellate rights was knowing and intelligent, and we are satisfied that the waiver is enforceable. Therefore, the waiver bars consideration of the sentencing issues Knox seeks to raise.

Claims of ineffective assistance of counsel generally are not cognizable on direct appeal. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008); United States v. King, 119

3

F.3d 290, 295 (4th Cir. 1997). Instead, to allow for adequate development of the record, a defendant must bring her claims in a 28 U.S.C.A. § 2255 (West Supp. 2013) motion. King, 119 F.3d at 295. However, such claims will be entertained on direct appeal if the record conclusively establishes ineffective assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). In this case, the record does not conclusively demonstrate that Knox's counsel was ineffective.

We therefore affirm Knox's conviction and dismiss Knox's appeal of her sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART